IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RALPH WORDELL :
:
v. : Civil Action No. CCB-10-1404
:
FEDERAL NATIONAL MORTGAGE :
ASSOCIATION :
:

...o0o...

## MEMORANDUM

Ralph E. Wordell has sued the Federal National Mortgage Association ("FNMA") under the Truth-in-Lending-Act ("TILA" or "the Act"), 15 U.S.C. § 1601, *et seq.*, seeking rescission of a credit transaction pursuant to 15 U.S.C. § 1635(i)(2). Pending before this court is a motion to dismiss filed by the FNMA and motions for a preliminary injunction filed by Mr. Wordell. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the defendant's motion will be granted, and the plaintiff's motions will be denied.

In November 2007 Wordell applied through Mortgage Solutions LLC, a loan broker, for a mortgage on his home, to refinance the existing mortgage on his home. (Compl. ¶6.) IndyMac Bank, a lender, agreed to issue a thirty-year fixed-rate mortgage in the amount of $392,000. (*Id.* ¶7.) The mortgage was issued on November 20, 2007, and included a Truth in Lending Disclosure Statement, as required by the Act. (*Id.* ¶¶7, 13-14.) The disclosure statement showed a finance charge of $622,763.36. (*Id.* ¶15.) IndyMac later sold or transferred the mortgage to FNMA. (*Id.* ¶8.) On or about September 17, 2009, FNMA instituted foreclosure proceedings against Wordell in the Circuit Court for Anne Arundel County, Maryland. (*Id.* ¶9.) In the

1

foreclosure proceedings, Wordell asserted his right to rescind the mortgage, but the Circuit Court held that he could invoke this right only in a separate action. (*Id*. ¶¶11-12). Wordell filed this lawsuit on June 2, 2010, seeking rescission of the 2007 mortgage contract. Wordell claims that he is entitled to rescind the contract because when IndyMac originally calculated the finance charge, it understated the charge by $102.43. (*Id*. ¶17-18).[1] Wordell's home was later sold through a foreclosure sale, and the court adjudicating the mortgage ratified the sale. (Declaration of Richard Chaifetz ("Chaifetz Decl.") ¶6, Pl's Ex. 1.)

A borrower's right to seek rescission of a loan under TILA expires "three years after the date of consummation of the transaction *or upon the sale of the property*, whichever occurs first[.]" 15 U.S.C. § 1635(f) (emphasis added). Here, Wordell's home has already been sold, and the foreclosure sale has been judicially ratified. (Chaifetz Decl. ¶6.) The foreclosure sale terminated plaintiff's right of rescission, and thus Wordell's claim for rescission is time-barred. Accordingly, his complaint does not state a claim on which relief can be granted, and must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

Moreover, even if Wordell's right to rescind had not expired, the complaint would be deficient because it does not allege that Wordell could and would tender the loan proceeds back to FNMA. Although TILA entitles a borrower to rescind a loan agreement in certain circumstances, *see* 15 U.S.C. § 1635, the Fourth Circuit has held that a borrower's right to rescind under TILA is contingent on the borrower's ability to tender the loan proceeds back to the lender. *Am. Mortgage Network, Inc. v. Shelton,* 486 F.3d 815, 821 (4th Cir. 2007); *see also id.* at 820 ("'Congress did not intend to require a lender to relinquish its security interest when it is . . . known that the borrowers did not intend and were not prepared to tender restitution of the

---

[1] IndyMac stated the finance charge as $622,763.36; Wordell claims that, based on "a recomputation," the correct finance charge was $622,865.79. (*Id*. ¶¶16-17).

funds expended by the lender in discharging the prior obligations of the borrowers.'") (quoting *Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir. 1976)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, various courts in the Fourth Circuit have dismissed TILA rescission claims where a complaint does not plausibly allege that the plaintiff will be able to tender the loan proceeds in the event the court orders rescission. *See, e.g.*, *Cheche v. Wittstat Title & Escrow Co., LLC*, 723 F. Supp. 2d 851, 858-59 (E.D. Va. 2010) (dismissing claim for rescission where the plaintiff alleged that she "might be able to obtain funds to tender the remaining amount due" on the loan because the plaintiff did not "provide sufficient factual allegations demonstrating a 'plausible' ability to tender"); *Moseley v. Countrywide Home Loans, Inc.*, 2010 WL 4481782, *4 (E.D.N.C. Oct. 26, 2010) (dismissing claim for rescission where the plaintiffs conceded that they were unable to repay the loans in question); *Hudson v. Bank of America, N.A.*, 2010 WL 2365588, *5 (E.D. Va. June 11, 2010) (dismissing claim for rescission because, although the plaintiff alleged that he would repay the loan proceeds, he offered to do so only if he were given "time to seek refinancing or a buyer for his residence" and if he received and could deduct any damages awarded from the amount to be repaid—damages to which he did "not appear to be entitled"); *cf. Little v. Bank of America, N.A.*, 2011 WL 144911, *9 (E.D. Va. Jan. 3, 2011) (permitting a TILA rescission claim to proceed where the plaintiff alleged that he "would be able to tender the amount necessary for TILA rescission, either through refinancing or, as a last resort, by sale of the home"); *Moore v. Wells Fargo, N.A.*, 597 F. Supp. 2d 612, 616 (E.D. Va. 2009) (permitting a TILA rescission claim to proceed where the plaintiff alleged that

she "can and will tender the loan proceeds"). Nowhere in Wordell's complaint or his brief in opposition to FNMA's motion to dismiss has he stated that he has the ability to repay the amount of the loan, nor has he indicated any intention to do so. Therefore, even if the claim were not time-barred (*i.e.*, if the foreclosure sale had not yet gone through), the complaint would be dismissed for failure to state a claim on which relief could be granted.

For these reasons, the defendant's motion to dismiss will be granted, and the plaintiff's motions for a preliminary injunction will be denied as moot. A separate Order follows.

March 11, 2011 /s/
Date Catherine C. Blake
United States District Judge